UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Wharfside Associates, LLC,<br><br>　　　　　　　Debtor. | Case No. 10-09210-dd<br>Chapter 11 |
|---|---|

**PETITIONING CREDITORS' RESPONSE TO DEBTOR'S MOTION FOR APPOINTMENT OF RECEIVER AS INTERIM TRUSTEE AND AUTHORIZATION FOR INTERIM TRUSTEE TO USE, ACQUIRE AND DISPOSE OF PROPERTY**

_____

　　The petitioning creditors in this involuntary bankruptcy proceeding (Trident Construction Company, LS3P Associates, Ltd., Blue Ion, LLC, and Places, LLC)("Petitioners"), by and through undersigned counsel, respond to the Debtor's Motion for Appointment of Interim Trustee and Authorization For Interim Trustee to Use, Acquire or Dispose of Property, as follows:

　　1.　　The Petitioners support the appointment an independent, third-party trustee for the debtor, to manage and sell the units in a professional manner. The Petitioners filed this involuntary in the hopes that an independent trustee would be appointed to manage and sell the debtors units in a manner that would maximize the possibility of return to unsecured creditors. However, the Debtor's chosen interim trustee is not qualified to serve as trustee, and the court should not name the Receiver as the interim trustee.

　　2.　　Section 303(g) of the Bankruptcy Code provides that during the "gap" period between the date of an involuntary case's commencement and the date of any order for relief, "the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint

an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor." 11 U.S.C. § 303(g). *See In re James Plaza Joint Venture,* 62 B.R. 959, 961 (Bankr.S.D.Tex.1986) (appointing an interim trustee in an involuntary Chapter 7 petition under the section 303(g) standard); *In re Alpine Lumber & Nursery,* 13 B.R. 977, 979 (Bankr.D.Cal.1981) (finding appointment of interim trustee warranted in involuntary chapter 11 petition under 303(g)); *In re Professional Accountants Referral Services, Inc.,* 142 B.R. 424 ( Bankr.D.Colo. 1992) (same).

    3.    In addition, so as to avoid appointing an interim trustee in a case that will soon be dismissed, the Court must determine as a preliminary matter:

> that there is a reasonable likelihood, or probability, that this Debtor will eventually be found to be a proper involuntary debtor under 11 U.S.C. § 303 and that an order for relief will enter. In the absence of such finding, ... the appointment of a trustee during the gap period would be more tenuous, probably improper, and likely an abuse of discretion.

*In re Professional Accountants,* 142 B.R. at 429.

    4.    In this case, the Debtor admits the need for a trustee. The Debtor's request for the appointment of an interim trustee is an express and unequivocal admission that the Debtor is unable or unwilling to undertake the sale of the its assets. Curiously, the Debtor is simultaneously contesting the involuntary proceeding bankruptcy and seeking a bond from the Petitioners for "damages." The Petitioner's believe that the petition will be granted and the Debtor's request for a trustee essentially admits that point. Therefore, the Petitioners request that the court make a specific finding that it is likely the petition will be successful and deny the request for bond.

    5.    The Debtor has requested that the Receiver appointed by the Bank of America, Saleena Miller, be named as interim trustee. The petitioners object to the naming of Ms. Miller because (1) she is not disinterested, (2) she has a conflict of interest, and (3) she has not been able

to mount reasonable marketing efforts in the months prior to the involuntary petition.

6. A party must be "disinterested" to qualify as at trustee under Section 1104. Creditors and "others connected with" creditors are not disinterested under Section 1104. It is also well-established that a trustee must be independent and not have any conflict which might affect his or her fiduciary duties to the estate.

7. The Receiver is not disinterested. Ms. Miller was named receiver by the Bank of America. Upon information Ms. Miller and her company have served as receivers for other Bank of America projects. Ms. Miller's prior and prospective business interests with the Bank of America could lead her to favor the Bank's interest in the case over the interests of the Petitioners and other creditors.

8. The Receiver is conflicted in serving as trustee for the debtor. Ms. Miller is currently serving as receiver for the Tides, a competing condominium development in Charleston. This role would cause her to be manager of two competing condominium developments in the Charleston market.

9. The Receiver has not demonstrated during her tenure the ability to professionally market the properties. In the three months between her appointment and the filing of this petition, no units were sold, no broker was hired, and marketing efforts are at a standstill. Brokers have reported difficulty in viewing the property because the property is not available for viewing on a daily basis.

10. For these reasons Ms. Miller is not an appropriate choice for a trustee, interim or otherwise, in this matter. The Petitioners request that the court order the appointment an independent, third-party trustee in this matter, and authorizing the trustee to use and sell the condominium units in the ordinary course of business.

**RESPECTFULLY SUBMITTED**, the 11th day of February, 2011.

**THE CULVER FIRM, P.C.**

 /s/ Robert E. Culver
Robert E. Culver, Esq.
Fed. Id. No.: 7289
575 King Street, Ste. A
Charleston, SC 29403
Email: bob@culverlaw.net
Phone: 843-853-9816
Facsimile: 843-853-9838

Charleston, South Carolina

Case 10-09210-dd    Doc 40    Filed 02/11/11    Entered 02/11/11 17:23:27    Desc Main
Document    Page 4 of 4

Z:\Client files\Wharfside Involuntary\Pleadings Bankruptcy 11\Motion to appoint interim trustee\Template.wpd   Page 4 of  4