# U.S. BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

Case Number: 10-09210−dd

## ORDER APPOINTING INTERIM CUSTODIAN
## PURSUANT TO 11 U.S.C. §543(d)

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**02/22/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 02/23/2011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: ) | |
| ) | |
| Wharfside Associates, LLC, ) | Case No. 10-09210−dd |
| ) | |
| Debtor ) | |
| ) | |

**ORDER APPOINTING INTERIM CUSTODIAN**

This matter came before the Court on February 16, 2011 on the Motion of Saleena Miller, as State Court Receiver ("Receiver"), pursuant to 11 U.S.C. §543. An objection was filed by Anson House Capital Group, LLC ("AHCG") and the petitioning creditors herein. In her motion, the Receiver seeks an Order from the Court confirming her compliance as a Custodian as the term is defined in 11 U.S.C. §101 (11) and as to her duties under 11 U.S.C. §543 (b).

1. Bank of America, N.A. ("BOA") filed an action against Wharfside Associates, LLC (the Debtor") and others on July 7, 2010 in the Charleston County Court of Common Pleas, Case No. 2010-CP-10-5447 (the "Charleston County Action"), seeking to foreclose a Mortgage dated February 20, 2007 made by the Debtor in favor of BOA. The Mortgage secured payment of the indebtedness evidenced by a Promissory Note made by the Debtor dated February 20, 2007 payable to the order of BOA in the original principal sum of $32,800,000.00, together with interest as provided therein (the "BOA Mortgage").

2. The BOA Mortgage covers certain property located in Charleston County which includes eighteen (18) residential condominium units in a thirty-two (32) unit condominium project known as Anson House (the 18 units are hereafter the "Property"). The other fourteen (14) units have been sold and have been released from the lien of the BOA Mortgage. The BOA Mortgage

1

was recorded in the Office of the RMC for Charleston County on February 22, 2007, in Book F-616 at Page 569.

3. AHCG is a party to the Charleston County Action by virtue of that certain Mortgage and Security Agreement, recorded in the Office of the RMC for Charleston County on February 22, 2007, in Book F-616 at Page 588, made by the Debtor in favor of AHCG.

4. In the Charleston County Action, the Court entered an Order dated September 17, 2010 (the "Order"), pursuant to which Saleena Miller of Magnum Management Services, LLC was appointed Receiver to take immediate possession and control of the subject Property described in the Order (the "Receiver"). The Receiver took possession of the subject Property and has operated in accordance with the Order.

5. On December 29, 2010, four unsecured creditors of the Debtor filed an involuntary petition under Chapter 11 of the Bankruptcy Code against the Debtor, thus commencing this case.

6. At the hearing on this matter, the alleged debtor, AHCG, the petitioning creditors and the Receiver agreed that the Receiver shall remain in place as an interim custodian as contemplated under 11 U.S.C. §543(d). Consistent with §543(d) she shall maintain and conserve the Property pending further Order of this Court. Further, she may seek advances from BOA and pay the bills related to the Property necessary to preserve the Property and she shall prepare and distribute an interim budget and distribute it to the alleged debtor, Bank of American and AHCG. If any party objects to any aspect of the budget, they may seek further instructions from this Court. Additionally, during the interim custodianship, the Custodian shall allow parties in interest to this proceeding reasonable access to the Property, and allow real estate professionals to show the Property upon reasonable notice and at a mutually convenient time. Sales of the Property will be

subject to further Court approval. To the extent that she determines it is necessary and appropriate to formally list the Property with a real estate broker, she may do so under her authority granted by the State Court and under §543(d).

NOW, THEREFORE IT IS ORDERED that Saleena Miller is directed to act as Interim Custodian pursuant to 11 U.S.C. §543(d) and in accordance with the terms of this Order until further Order of this Court.

AND IT IS SO ORDERED.